UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SHEILA STAFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:05-CV-412 |
| | ) | (VARLAN/GUYTON) |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule

72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and

recommendation regarding the disposition by the District Court of the plaintiff's motion for

judgment [Doc. 12], and the defendant's motion for summary judgment. [Doc. 14]. Plaintiff

Sheila Stafford seeks judicial review of the decision of the Administrative Law Judge ("ALJ"),

the final decision of the defendant Commissioner.

The ALJ made the following findings:

> 1.      The claimant has not engaged in substantial
>         gainful activity since the alleged onset of
>         disability.
>
> 2.      The claimant's obesity, degenerative disc
>         disease, anxiety disorder, and depression are
>         considered "severe" based on the
>         requirements in the Regulations 20 C.F.R. §
>         416.920(c).

3.   These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. The claimant's mental impairments impose no more than mild restriction of activities of daily living, or more than moderate limitation of ability to maintain social functioning or sustain concentration, persistence, or pace. She has had no extended episodes of mental decompensation, and she functions adequately outside of a highly supportive setting.

4.   The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

5.   The claimant has the following residual functional capacity: a range of light exertion, provided she sit, stand, or walk no more than 45 minutes at a time, and perform postural activities no more than occasionally. She can understand and carry out simple tasks while getting along with others and adapting at that level of functioning. She cannot perform complex tasks or deal with the general public except in simple situations.

6.   The claimant is unable to perform any of her past relevant work (20 C.F.R. § 416.965).

7.   The claimant is a "younger individual between the ages of 18 and 44" (20 C.F.R. § 416.963).

8.   The claimant has a "high school (or high school equivalent) education" (20 C.F.R. § 416.964).

2

9.    The claimant has no transferable skills from
      any past relevant work (20 C.F.R.
      § 416.968).

10.   The claimant has the residual functional
      capacity to perform a significant range of
      light work (20 C.F.R. § 416.967).

11.   Although the claimant's exertional
      limitations do not allow her to perform the
      full range of light work, using Medical-
      Vocational Rule 202.21 as a framework for
      decisionmaking, there are a significant
      number of jobs in the national economy that
      she could perform.  Examples of such jobs
      appear in the body of this decision.

12.   The claimant was not under a "disability,"
      as defined in the Social Security Act, at any
      time through the date of this decision (20
      C.F.R. § 416.920(f)).

(Tr. 20-21).

If the ALJ's findings are supported by substantial evidence based upon the record as

a whole, they are conclusive and must be affirmed.  See Warner v. Commissioner of Social Security,

375 F.3d 387 (6th Cir. 2004). It is immaterial whether the record may also possess substantial

evidence to support a different conclusion from that reached by the ALJ or whether the reviewing

judge may have decided the case differently.  See Crisp v. Secretary of Health and Human Services,

790 F.2d 450, 453 n.4 (6th Cir. 1986).

Plaintiff argues that the ALJ erred in finding that a significant number of jobs exist

in the national economy that she could perform.  Specifically, she contends that the hypothetical

question was based on an assumption that the plaintiff retained a residual functional capacity

("RFC") for sedentary[1] work, could sit for up to 6 hours per day, and that the jobs identified would permit her "to sit and stand as needed for comfort." (Tr. 519, 520). She insists that the testimony of the vocational expert ("VE") that she could perform the jobs of small products assembler, small products inspector, and production laborer indicates that there were a significant number of jobs in the national economy. She contends that if she were permitted to "sit and stand as needed for comfort" as the hypothetical indicates she would be incapable of gainful employment based on her testimony and other portions of the VE's testimony. Plaintiff maintains that she testified that due to chronic back and hip pain, as well as numbness and swelling in her legs, she was only able to sit for 15-20 minutes at a time, that she could walk less than half a block, and that she could not sit and stand a total of 8 hours in a typical 8-hour workday. (Tr. 512, 517). She maintains that sitting only 15-20 minutes at a time would require her to alternate sitting and standing 24 to 36 times during each workday, which would be inconsistent with sedentary work because it involves only occasional standing and walking. Also, plaintiff contends that her pain is so great at times that she has to prop her feet up, noting that the VE testified that if she could not complete an 8-hour workday then there would be no work available for her. (Tr. 517, 521). Plaintiff explains that in the hypothetical question relied on by the ALJ, he adopted treating physician Dr. Bellner's opinion that she should be permitted to sit and stand as tolerated. (Tr. 463). Plaintiff maintains that by adopting Dr.

---

[1]"Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting and carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary to carry out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 416.967(a).

4

Bellner's opinion, the ALJ was required to accept plaintiff's testimony regarding the degree of her subjective pain and her limitations for standing and sitting.

Plaintiff insists that her testimony that she is unable to sit and stand for a total of 8 hours in an 8-hour workday is supported by Dr. Summers' findings, in which he concluded that she should "avoid prolonged sitting, standing, or walking for greater than 30-45 minutes continuously or more than 6 hours total in a single workday." (Tr. 250) (emphasis added). Plaintiff contends that Dr. Summers' opinion indicates that in a typical 8-hour workday she is limited to sitting, standing, or walking in any combination to a total of 6 hours, in which case, the VE indicated no work would be available for the plaintiff. (Tr. 521).

Plaintiff insists that her complaints of pain are supported by the record, but that the ALJ did not deem them fully credible. In particular, plaintiff points out that Dr. Bellner noted that she "ambulate[s] forward flexed at the waist," that she had "a difficult time coming to neutral posture," that she had "marked tightness throughout the left quadratus lumborum, left lumbar paraspinals," and that she had "several trigger points . . . over the sacral iliac joint" as well as "slight edema of both ankles." (Tr. 464). Also, Dr. Summers noted in his consultative evaluation that plaintiff "ambulates in a wide based waddling manner." (Tr. 250).

The Commissioner asserts that substantial evidence supports the ALJ's RFC finding for light work involving simple tasks; occasional postural activities; sitting, standing, and walking each up to 6 hours in an 8-hour workday, but none of these for more than 20 to 45 minutes at a time; and not performing complex tasks or dealing with the general public except in simple situations. (Tr. 18). She notes that plaintiff's treating physician Dr. Bellner found she

5

could perform light work, alternating between sitting and standing and no repetitive bending (Tr. 463, 466, 471) and state agency, reviewing physicians Drs. Miller and Tilley found that she could perform a range of light work involving only occasional stooping, kneeling, crouching, crawling, and climbing of ramps and stairs (Tr. 255-62, 306-11); and state agency physician Dr. Williams found that plaintiff could perform simple tasks, not complex tasks or tasks involving the public more than in a simple situation. (Tr. 304).

The Commissioner insists that plaintiff's interpretation of consultative examiner Dr. Summers' opinion is not reasonable. She points out that Dr. Summers opined that plaintiff should "avoid prolonged sitting, standing, or walking for greater than 30-45 minutes continuously or more than 6 hours total in a single workday." (Tr. 250) (emphasis added). The Commissioner maintains, therefore, that Dr. Summers restricted plaintiff from performing prolonged sitting for greater than 30-45 minutes at a time or for greater than 6 hours total during an 8-hour workday, prolonged standing for greater than 30-45 minutes at a time or for greater than 6 hours total during an 8-hour workday, or prolonged walking for greater than 30-45 minutes at a time or for greater than 6 hours total during an 8-hour workday, which is consistent with Dr. Summers' examination report. Moreover, the Commissioner notes that Dr. Summers did not find plaintiff could perform only part-time work and that other physicians did not agree with plaintiff's extensive sitting, standing, and walking limitations. (Tr. 209, 250, 255-62, 306-11, 463, 466, 471).

Next, the Commissioner asserts that the medical test findings support the ALJ's RFC finding. Specifically, she notes that an MRI revealed degenerative disc disease with

6

multiple disc bulges, a slight left lateral nerve root defect at the L5-S1 level, focal protrusion of the intervertebral disc at the L3-4 level on the right and some narrowing at the L4-5 level, although this finding was not considered significant. (Tr. 217). The Commissioner maintains that although physicians noted plaintiff's reduced lumbar range of motion, they also noted her normal neurological functioning. (Tr. 210, 214-15, 249, 464, 472).

Lastly, the Commissioner finds that plaintiff's allegations were not entirely credible. She notes that plaintiff was treated conservatively with physical and aquatic therapy as well as medication. (Tr. 204-07, 223, 466, 468, 470-71, 486). Also, she points out that plaintiff testified at the hearing that her back pain precluded her from performing household chores, walking more than a half a block, and lifting any weight at all. (Tr. 508-13). However, in March 2002, plaintiff stated that her pain was a 3 on a scale from 0 to 10 (Tr. 186); in April 2002, her pain was a 0 on a scale from 1 to 10, with her worst pain only a 3 to 4 on the same scale (Tr. 204); in May 2002, her pain was "moderate and variable" (Tr. 210); and in May 2004, she stated that she felt "wonderful," except for a two-week history of anxiety. (Tr. 486).

Finally, the Commissioner maintains that substantial evidence supports the ALJ's finding that plaintiff could perform a significant number of jobs. The Commissioner acknowledges that the ALJ incorrectly cited in his decision the jobs of small products assembler, small products inspector, and production laborer, which corresponded to the hypothetical question regarding sedentary rather than light work, but insists this error was harmless. (Tr. 19, 521). Instead, the ALJ should have listed the jobs of production assembler, production inspector, and hand packer for his finding of light work. (Tr. 520). With respect to plaintiff's

7

assertion that the hypothetical question was flawed because it was inconsistent with her

testimony that she could only sit for 15 to 20 minutes and walk less than a half a block and that

the hypothetical failed to include her allegation of disabling pain, the Commissioner maintains

that plaintiff's statements to her physicians indicated that she could perform those activities for

30 to 45 minutes at a time and that the medical findings do not support her allegations of

disabling pain.

 Plaintiff has the burden of proving her entitlement to benefits.  Boyes v. Secretary

of Health and Human Services, 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson,

441 F.2d 1230 (6th Cir. 1971)).   I find, however, in the present case that plaintiff has not met

that burden.

 First, the medical opinions overwhelmingly support the ALJ's RFC finding for

light[2] work.   Plaintiff's own treating physician Dr. Bellner found plaintiff could perform light

duty, alternating between sitting and standing and performing no repetitive bending (Tr. 463,

466, 471); state agency, reviewing physicians Drs. Miller and Tilley also found that plaintiff

could perform a range of light work involving only occasional stooping, kneeling, crouching,

crawling, and climbing of ramps and stairs (Tr. 255-62, 306-11); consultative examiner Dr.

Summers found plaintiff could perform light work involving limited stooping, kneeling,

squatting, and climbing and no prolonged sitting, standing, or walking for greater than 30 to 45

minutes continuously or more than 6 hours in a single workday (Tr. 250); and state agency,

reviewing psychologist Dr. Williams found that plaintiff could perform simple tasks, not

_____

 [2]Light work requires lifting and carrying 20 pounds occasionally and 10 pounds
frequently.  See 20 C.F.R. § 416.967(b).

complex tasks or tasks involving the public more than in a simple situation. (Tr. 304)

Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420, 1428 (1971) (a written report of a consultant physician who has examined the claimant can constitute substantial evidence); 20 C.F.R. § 416.927(f)(2)(i) ("State agency medical and psychological consultants and other program physicians or psychologists are highly qualified physicians and psychologists who are also experts in Social Security disability evaluation").

Moreover, I find the Commissioner's interpretation of Dr. Summers' restrictions to be consistent with his examination finding that she had "a pronounced decrease in range of motion at her lumbar spine." (Tr. 250). She maintains that Dr. Summers restricted plaintiff from performing prolonged sitting for greater than 30-45 minutes at a time or for greater than 6 hours total during an 8-hour workday, prolonged standing for greater than 30-45 minutes at a time or for greater than 6 hours total during an 8-hour workday or prolonged walking for greater than 30-45 minutes at a time or for greater than 6 hours total during an 8-hour workday. Further support for the light RFC can be found in the medical tests such as the MRI, which did not indicate disabling back problems, and in plaintiff's conservative treatment of medication and physical and aquatic therapy. (Tr. 16-17, 204-07, 217, 223) Casey v. Secretary of Health and Human Services, 987 F.2d 1230, 1234 (6th Cir. 1993) (an impairment that is controlled is not disabling); Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 230-31 (6th Cir. 1990) (affirming finding of not disabled where claimant had a herniated disc and degenerative arthritis of the spine); Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir. 1987) (a condition controllable by medication is not disabling).

9

Similarly, the ALJ discounted plaintiff's allegations of disabling pain based not only on the medical opinions and objective findings but also on plaintiff's statements at various times about the lack of severity of her pain. (Tr. 15, 18, 186, 204, 210, 486) Villareal v. Secretary of Health and Human Services, 818 F.2d 461, 464 (6th Cir. 1987) (determination of disability from pain is within the province of the ALJ); Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987) (the ALJ's credibility finding is entitled to considerable deference).

Accordingly, I find that the ALJ weighed the medical source opinions, the objective medical findings, and plaintiff's credibility to determine that she could perform a range of light work. (Tr. 20).

As for plaintiff's argument regarding the hypothetical question, the ALJ clearly cited the incorrect jobs based on the VE's testimony, and the Commissioner acknowledges the error. (Tr. 19). The ALJ incorrectly cited the jobs of small products assembler, small products inspector, and production laborer for the light RFC finding, whereas he should have cited the jobs of production assembler, production inspector, and hand packer for the light work finding. (Tr. 19, 520). However, I note that at the hearing, there was no mistaking the jobs the VE cited for the light RFC finding and for the sedentary RFC finding (Tr. 519-21), so any error regarding the jobs cited in the ALJ's decision is harmless.

10

With respect to plaintiff's assertion that the hypothetical question was incorrect because it was inconsistent with her testimony that she could only sit for 15 to 20 minutes and walk less than half a block, the ALJ reasonably discounted plaintiff's testimony because she had reported to Dr. Summers that she has "difficulty maintaining a single position such as sitting, standing, or walking for greater than 30-45 minutes continuously." (Tr. 249, 512) (emphasis added). The ALJ adopted the 45-minute limitation in his RFC finding, so I find no error on this issue. (Tr. 20, Finding Number 5).

Therefore, the ALJ relied on the record evidence and reasonably determined, based on plaintiff's credible limitations, that she was not disabled and that she could perform a significant number of light jobs. Hall v. Bowen, 837 F.2d 272 (6th Cir. 1988); Varley v. Secretary of Health and Human Services, 820 F.2d 777, 780 (6th Cir. 1987) (hypothetical question that an ALJ poses to a VE must only include those limitations that are supported by the record).

Accordingly, it is hereby **RECOMMENDED**[3] that the plaintiff's motion for

judgment [Doc. 12] be **DENIED** and that the Commissioner's motion for summary judgment

[Doc. 14] be **GRANTED**.


Respectfully submitted,

    s/H. Bruce Guyton
United States Magistrate Judge

---

[3]Any objections to this Report and Recommendation must be served and filed within ten
(10) days after service of a copy of this recommended disposition on the objecting party. Such
objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure.
Failure to file objections within the time specified waives the right to appeal the District Court's
order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide
de novo review where objections to this report and recommendation are frivolous, conclusive or
general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved
for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).

12